IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MICHEAL JOYCE                                                                                          PLAINTIFF

v.                                           Civil No. 4:19-cv-4149

NEVADA COUNTY JAIL                                                                          DEFENDANT

## ORDER

Currently before the Court is Plaintiff Micheal Joyce's failure to obey two Court orders. Plaintiff filed this 42 U.S.C. § 1983 action *pro se* on November 21, 2019, in the Eastern District of Arkansas. (ECF No. 2). On November 26, 2019, the case was transferred to the Western District of Arkansas, Texarkana Division. (ECF No. 4).

The following day, this Court ordered Plaintiff to file an Amended Complaint and submit a completed *in forma pauperis* ("IFP") application or pay the filing and administrative fee of $400 by December 18, 2019. (ECF No. 6). The order stated that failure to comply would result in the summary dismissal of the complaint for failure to obey an order of the Court. To date, Plaintiff has not submitted an IFP application or filed an Amended Complaint and the Court's order has not been returned as undeliverable.

On December 23, 2019, the Court ordered Plaintiff to show cause by January 3, 2020, as to why he failed to submit a completed IFP application and file an Amended Complaint. (ECF No. 7). This order informed Plaintiff that failure to show cause by the Court's imposed deadline would result in this case being dismissed without prejudice. To date, Plaintiff has not responded and the Court's show cause order has not been returned as undeliverable.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey two orders of the Court. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 2) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 9th day of January, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge